IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON YONAI,

    Petitioner,                        No. CIV S-07-2197 GEB EFB P

    vs.

WALKER, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a loss of credits imposed at a prison disciplinary hearing based on a rules violation report dated June 3, 2003.[1] *See* Pet. at 5. Respondent moves to dismiss on the grounds that petitioner has failed to exhaust his state judicial remedies and that the petition is untimely. The court finds that the petition is unexhausted and must therefore be dismissed.

---

[1] In one section of the petition, petitioner states that he is challenging a February 4, 2004 conviction by the Solano County Superior Court. Pet., Dckt. No. 1, at 2. In another section, petitioner indicates that he is challenging a rules violation report disciplinary hearing and not a conviction. *Id.* at 6. It appears that petitioner intends to challenge the result of a prison disciplinary hearing, as the substance of his only ground for relief relates to the loss of credits imposed as a result of being found guilty of possession of a weapon, as documented in a June 3, 2003 rules violation report. *Id.* at 5.

1

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

In his petition, petitioner lists three California Supreme Court cases, suggesting that he somehow in those cases has exhausted the claims in issue here. Pet. at 4. Respondent includes in his motion to dismiss the petitions filed in each of those cases. Resp.'s Mot. to Dism. ("Mot."), Exs. 1-3. The first petition, filed in case number S143120, was not filed by petitioner, and therefore, could not have exhausted petitioner's claim. *See id.*, Ex. 1. The second petition, filed in case number S143170, was filed by petitioner, but challenges various criminal proceedings in the Solano County Superior Court. *Id.*, Ex. 2. The third petition, filed in case number S147610, appears to challenge the same superior court proceedings. *Id.*, Ex. 3. None of these petitions included the claim now at issue. Thus, they do not demonstrate in any way that petitioner has exhausted his state court remedies as to the claims asserted here.

In his opposition brief, petitioner states that he "think[s] [he] also exhausted [his] grounds for relief to the highest level in Supreme Court Case No. S143704 . . . ." Pet'r's Opp'n to Mot. ("Opp'n") at 1. That petition was denied by order filed July 12, 2006. *In re Jason David Yonai*, 2006 Cal. LEXIS 8620. Although petitioner did not file a copy of the petition for review with his opposition brief, he previously filed a copy of that petition in another action he filed in this court.[2] That petition makes no reference to the disciplinary action petitioner now challenges. In

---

[2] *See* Case No. CIV-S-06-2784 LKK KJM, Docket No. 1 at unnumbered page 8. *See also* Case No. CIV-S-06-1250 JKS CMK, Docket No. 6 at unnumbered pages 26-27. A court

order to properly exhaust his state court remedies, petitioner must file a habeas corpus petition in the California Supreme Court challenging the prison disciplinary conviction on the ground raised in the instant petition.

Accordingly, the court finds that petitioner has failed to exhaust state court remedies and respondent's motion to dismiss must be granted on this ground. Because the claim is not exhausted, the court need not reach the issue of whether the claim is barred by the statute of limitations.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's August 26, 2009, motion to dismiss be granted on ground that the claim raised in this action is not exhausted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections, he may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254

---

may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Petitioner states that his mental health status made it hard for him to exhaust his state remedies. Opp'n at 1, Ex. A. The court is not aware of any authority that would excuse petitioner from the exhaustion requirement in the absence of an express waiver by respondent. Further, there is no allegation that state court remedies are no longer available to petitioner. While petitioner's mental health could be relevant to whether he would be entitled to equitable tolling of the statute of limitations, the court need not address that issue since it declines to reach the timeliness question.

Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 3, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE